Hat, Judge,
delivered the opinion of the court:
This is a claim of an officer who while serving in France during the war with Germany was assigned to exercise a command above that pertaining to his grade. He claims under the provisions of the act of April 26, 1898, 30 Stat. 365, which reads as follows:
“ That in time of war every officer serving with troops operating against an enemy who shall exercise under an assignment in orders issued by competent authority a command above that pertaining to his grade shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised.”
The claim is made for two periods of time; the first from January 20, 1918, to July 21, 1918; the second from November 29, 1918, to March 26, 1919.
The claim for the first period is the sum of $260.87.
On January 20, 1918, the plaintiff was serving with Company H of the Eighteenth United States Infantry in France while war was existing between the United States and Ger *136 many, and the said regiment was operating against the enemy in the field. On January 20, 1918, the plaintiff received an order from the colonel of the regiment directing him to take command of Company E of the same regiment. He obeyed said order and took command of Company E, and continued in command thereof until July 21, 1918, on which day he was wounded in battle and sent to the hospital, where he remained for four months and two days. During the time from January 18 to July 21, 1918, the company which he commanded was engaged frequently in actual combat with the enemy.
At the time the plaintiff was assigned by order of the colonel of the regiment to command Company E he was a first lieutenant, and when he took command there was serving with the said company, and available for duty, a first lieutenant senior to himself. The Government contends that under the one hundred and nineteenth article of war, which reads as follows:
“Rank and precedence among Regulars, Militia, and Volunr teers. — That in time of war or pubfic danger, when two or more officers of the same grade are on duty in the same field, department, or command, or of organizations thereof, the President may assign the command of the forces of such field, department, or command, or of any organization thereof, without regard to seniority of rank in the same grade.”
the order issued by the colonel of the regiment to the plaintiff was illegal and void, and that the colonel of the regiment had no authority to issue it, and that it was not issued by competent authority. In this view it is upheld by a decision of the Comptroller of the Treasury, 26 Comp. Dec. 691. This contention is based upon the fact that when the plaintiff was assigned by order to take this command a senior officer was present and was available for duty, and that the only authority of law for assigning a junior officer of any Army organization to take command of such organization in time of war while his senior officer is present and available for duty is by order or authority of the President. It seems to us that the order of the colonel of the regiment was not legal, and that the meaning of the act of April 26, 1898, was that the order assigning the officer to the command above that pertaining to his grade must be issued by competent authority. *137 No one, in the face of the language of the one hundred and nineteenth article of war above quoted, had such competent authority save and except the President of the United States. It does not appear that it was necessary to issue such an ■order, nor is it suggested that First Lieutenant Fountain, who was the ranking officer present and available for duty when this order was issued, was incapable or that he had been guilty of any offense, military or otherwise. Indeed, it would seem one of those cases which makes plain the wisdom of the one hundred and nineteenth article of war.
As to the second period of time, from November 18, 1918, to March 25, 1919, for which the plaintiff' claims the sum of $211.06, we are of opinion that he can not recover. The armistice was agreed upon on November 11, 1918; at the time of his assignment to this duty there was no enemy to operate against. The war was over so far as operations against the enemy were concerned and therefore the plaintiff does not bring himself within the terms of the act of April 26, 1898. Moreover, the same reasons which defeat his claim for the first period are applicable here, even though it might be said that our troops after the armistice were operating against the enemy.
The petition of the plaintiff must be dismissed, and it is so ordered.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.